CHARLES W. SHRODES, PLAINTIFF-RESPONDENT, v. JAMES FERGUSON, JR., DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Heine & Laird* and *McDermott & Finegold*.

For the respondent, *Cecil S. Ackerson, Theodore D. Parsons* and *Melvin A. Philo*.

The opinion of the court was delivered by

Donges, J. This appeal brings up a judgment of the Supreme Court, entered upon a verdict in favor of plaintiff and against the appellant, after trial at the Monmouth Circuit.

The cause of action arises from a collision between the plaintiff, who was a pedestrian crossing a public highway, and an automobile operated by the defendant. The plaintiff, on June 16th, 1930, had been driven to a point on the northerly side of Church street, in the borough of Keansburg, in front of the post office. The railroad station, to which plaintiff was going, is on the southerly side of Church street. The post office is located about one hundred and eighty-nine feet from the railroad tracks. Opposite the post office, and on the southerly side of Church street, is a flatiron building, with a sidewalk along Church street, which extends beyond the building to the west. A sidewalk also extends along the northwest side of the flatiron building, in front of other buildings and stores located in the rear of the flatiron building. This latter sidewalk is paved and curbed, and fronts on a street or plaza that extends to the railroad station and platform, and is for vehicular use. To the southeast of the buildings in the rear of the flatiron building there appears to be a street or way running northeastwardly from the street or plaza into Church street. No crosswalk was delineated on Church street, nor was there any traffic control at that point.

Plaintiff testified substantially that his wife stopped the car in front of the post office; that he got out on the sidewalk from the right side of the car; that he passed in front of the car and looked to his left and observed defendant's car at a point easterly of Myrtle avenue, which is to the east of the post office and about one hundred and ninety-nine feet therefrom. He looked to his right and observing no vehicle, started to cross the street, which is thirty-three feet three inches wide, at a point where the crosswalk would be, if one were marked on Church street, leading from the northerly side of Church street to the sidewalk of the street or plaza between the flatiron building and the railroad station, and in prolongation of the curb and property lines at the inter-

section. Church street is paved with a hard surface, with a line marking the center thereof. He did not again look to his left, but when he was about five feet beyond the center line, he was conscious of the approach of defendant's car; he turned and saw it a few feet from him; he attempted to jump but was struck and injured. His wife testified to the same effect.

The defendant's version is that as he was approaching the point of collision, there was no pedestrian in sight, but as he was passing the plaintiff's car, the plaintiff suddenly stepped out from between the plaintiff's car and a car parked in the rear of plaintiff's car, and ran into the right rear fender of defendant's car, as defendant was turning left on Church street to enter the way to the railroad station.

The appellant writes down four grounds of appeal.

The first ground of appeal raises to the refusal of the trial judge to nonsuit at the conclusion of the plaintiff's case. The second ground of appeal raises the refusal of the trial judge to direct a verdict for the defendant at the close of the testimony. These will be dealt with together.

The testimony clearly raised a question of fact for the jury, so that the refusal to nonsuit or to direct a verdict for defendant was not error.

The third ground of appeal is not argued.

The next point is that the trial court erred in instructing the jury as to the relative rights and duties of plaintiff and defendant at a crosswalk. The court left to the jury to determine as a question of fact whether or not the collision occurred at a crosswalk. The exception relied upon is in the following language:

"The defendant respectfully excepts to that portion of your honor's charge wherein your honor charged the jury as to the rights of Mr. Shrodes as a pedestrian at a crosswalk, first, as to what his rights would be as a pedestrian at a crosswalk, for the reason that there was no testimony from any witness in this case that at the point where Mr. Shrodes attempted to cross it was either a designated crosswalk by being de-

lineated on the highway or one commonly used by pedestrians and therefore could be recognized as a crosswalk."

There was no crosswalk delineated on the highway. Any error there may have been in charging that a crosswalk could be created by evidence of customary use was harmful to the plaintiff, inasmuch as it put upon the plaintiff the burden of proving that the portion of the highway in question was so used by the public in general. The existence and location of a crosswalk is fixed by the statute, which provides that where a crosswalk is not delineated it shall be "that portion of the roadway ordinarily included within the prolongation of curb and property lines." Taking the map, photographs and oral testimony as to the point where the collision occurred, the jury would have been justified in finding that there was a street intersection, that there was a statutory crosswalk at such intersection, and that the accident occurred on such crosswalk. The defendant cannot complain of any failure to charge the definition of a crosswalk laid down in the statute because no request to do so was made. The defendant-appellant does not now urge that plaintiff was not crossing within the lines of the crosswalk created by the prolongation of the building and curb lines of the street alongside the flatiron building, but merely that he was not crossing within a delineated crosswalk or one affirmatively established by the proofs to have been customarily used. We conclude there was no error prejudicial to the defendant in the charge on this subject.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.